# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| MILOS C. MELVIN, <br><br> Plaintiff, <br><br> v. <br><br> KIMBERLY LOWTHER-MERTZ, <br> CONNIE SIMINSKI, *et al.*, <br><br> Defendants. | Civil No. 25-13424 (RMB/SAK) <br><br> **MEMORANDUM ORDER** |

**THIS MATTER** comes before the Court, *sua sponte*, after receiving the Notice of Removal filed by Defendant Kimberly Lowther-Mertz [Docket No. 1.] Defendant has removed this lawsuit based on this Court's federal question jurisdiction, 28 U.S.C. § 1331. [Notice of Removal ¶ 1.] Defendant claims that while Plaintiff Milos C. Melvin's state lawsuit against her is a "civil property or contract dispute," she asserts "substantial federal legal issues" permeate this lawsuit, like "[i]nterstate harassment, stalking, and coercion" and violations of federal law, such as interstate stalking, 18 U.S.C. § 2261A, and interstate threats, 18 U.S.C. § 875. [*Id.*] Defendant has since answered Plaintiff's Complaint, and asserted state-law counterclaims against him for, among other things, fraudulent misrepresentation, intentional infliction of emotional distress, and endangering the welfare of a child. [Docket Nos. 4, 4-1.] She also moves for a "Protective Order and Emergency Order for the Removal of Firearms and Ammunition." [Docket No. 5.]

Federal courts have limited jurisdiction to hear cases, and are duty bound to ensure that their jurisdiction, "which is defined and limited by statute, is not exceeded." *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). District courts can raise subject matter

jurisdiction concerns *sua sponte*. *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003). The removal statute allows a defendant to remove a state-court lawsuit to federal court if the federal court would have had "original jurisdiction" over the lawsuit—meaning, the plaintiff could have originally filed the lawsuit in federal court. 28 U.S.C. § 1441(a).

Federal courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331(a). "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[P]laintiffs are the master[s] of the[ir] claim[s] . . . and may avoid federal jurisdiction by exclusive reliance on state law." *Verdone v. Rice & Rice, PC*, 724 F. Supp. 3d 366, 379 (D.N.J. 2024) (alterations and omission in original) (quoting *City of Hoboken v. Chevron Corp.*, 45 F.4th 699, 707 (3d Cir. 2022)). A defendant cannot remove an action to federal court based on an affirmative defense or a counterclaim. *New Jersey Carpenters & the Trs. Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014) ("The existence or expectation of a federal defense is insufficient to confer federal jurisdiction."); *see also Kislak Co. v. Prominent Props. LLC*, 2024 WL 3292755, at *2 (3d Cir. July 3, 2024) ("It has long been well-established that a state court defendant cannot remove an action to federal court based on a federal question appearing in a counterclaim, crossclaim, or third-party complaint.").

Having reviewed Plaintiff's Complaint, the Court finds that none of his claims arise under federal law to confer federal question jurisdiction. Indeed, Plaintiff has asserted purely state-law claims for breach of contract, unjust enrichment, conversion, promissory estoppel, and replevin. [Compl. (Docket No. 1-1).] The only mention of federal law is in Defendant's Notice of Removal. [Docket No. 1.] But federal question jurisdiction is determined solely by

the plaintiff's complaint—nothing more. *See Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 10, (1983) ("[A] defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law." (emphasis in the original)). Defendant cannot create federal question jurisdiction by recasting Plaintiff's Complaint or his lawsuit as involving "substantial federal legal issues." *Deutsche Bank Nat. Tr. Co. v. Onyewuenyi*, 2014 WL 4354106, at *2 n.5 (D.N.J. Sept. 3, 2014) ("Defendant's attempted recharacterization of Plaintiff's Complaint and his suggestion about what the case may ultimately involve is an insufficient basis to create federal question jurisdiction."). Because Plaintiff's Complaint presents no federal question, this Court lacks subject matter jurisdiction.[1]  Therefore,

**IT IS** on this **23rd** day of **July**, **2025**; hereby:

**ORDERED** that this action is **REMANDED** to the Superior Court of New Jersey, Law Division, Camden County, Docket No. CAM-L-1256-24, and it is finally

**ORDERED** that the Clerk of the Court shall **CLOSE** this case.

**s/Renée Marie Bumb**
Renée Marie Bumb
Chief United States District Judge

---

[1] The Court has explored whether diversity of citizenship exists to confer jurisdiction. Subject matter jurisdiction based on diversity of citizenship requires: (1) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and (2) that it "is between citizens of different States." 28 U.S.C. § 1332(a)(1). Jurisdiction under § 1332(a) requires "complete diversity," meaning that no plaintiff can be a citizen of the same state as any defendant. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (citing *Exxon Mobil Corp. v. Allapattah Svcs. Inc.*, 545 U.S. 546, 553 (2005)). As pled, Plaintiff is diverse from Defendants: Plaintiff is a Pennsylvania citizen and Defendants are New Jersey citizens. [Compl. ¶¶ 1-3.] However, this Court cannot determine from the Complaint whether the amount in controversy exceeds $75,000. So it is unclear whether diversity jurisdiction exists. At any rate, Plaintiff filed this lawsuit in New Jersey state-court. Under the forum-defendant rule, Defendants could not remove on diversity jurisdiction because they are New Jersey citizens. 28 U.S.C. § 1441(b)(2).